UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
Miroglio, S.P.A. and COAST TO COAST
FABRICS, INC.,

                Plaintiffs,

    -against-

LA BELLE FASHIONS, INC. and
J.C. PENNEY COMPANY, INC.,

                Defendants.
------------------------------------------------------x

07 CV 2882

Civil Action No.

COMPLAINT



APR 1 1 2007

    Plaintiffs, Miroglio, S.p.A. ("Miroglio") and Coast To Coast Fabrics, Inc. ("Coast To Coast"), through their attorneys, complains of defendants, La Belle Fashions, Inc. ("La Belle") and J.C. Penney Company, Inc. as follows (J.C. Penney") as follows:

### JURISDICTION AND PARTIES

    1.    This action arises under the Copyright Laws of the United States, 17 U.S.C. 101, et seq. and, particularly, under 17 U.S.C. 106,501, and is to redress the infringements of copyrights. This Court has jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. 1338.

    2.    Venue properly lies in this Judicial District pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391 (b). Process properly issues from this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

    3.    Miroglio is a foreign corporation with a place of business at StradaTagliata IS, Alba, Italy.

    4.    Coast To Coast is a foreign corporation with a place of business at 1359 Broadway New York, New York 10018.

5. La Belle, upon information and belief, is a foreign limited liability company with offices and a place of business at 1407 Broadway, Suite 1805, New York, NY 10018.

6. La Belle, upon information and belief, is a manufacturer and distributor of apparel, and has sold in the United States and within this district, apparel which infringe Miroglio's copyright as set forth hereinafter.

7. J.C. Penney, upon information and belief, is a foreign corporation with offices and a place of business at 6501 Legacy Drive, Plano, Texas 75024.

8. J.C. Penney is, upon information and belief, a distributor of, among other things, apparel, and has sold in the United States and within this district, apparel which infringes Miroglio's copyright as set forth hereinafter.

9. Defendants, upon information and belief, transact business within this district, derive substantial revenue from intrastate and interstate commerce and have committed tortious acts within this district and also without this district having injurious consequences within this district, and defendants are otherwise within the jurisdiction of this Court.

## CLAIM 1 - COPYRIGHT INFRINGEMENT

10. In 2004 Studio Bernini created an original work of art reproduced in a fabric design identified as "55170" ("55170").

11. The said work of art was wholly original and is copyrightable subject matter under the laws of the United States. Studio Bernini assigned all of its rights in 55150 to Miroglio. Miroglio secured statutory copyrights in said original design.

12. Miroglio has duly complied in all respects with the provisions of the Copyright Law of the United States, and has secured the exclusive rights and privileges in and to the said design,

and Miroglio thereupon duly requested and has received from the Register of Copyrights, Certificate of Registration VA 1-309-510.

13. Thereafter, Miroglio granted Coast to Coast an exclusive license in the United States for Miroglio's design 55170.

14. All copies of said work of art have been published only by Miroglio and/or Coast to Coast, and all copies of it have been printed, reproduced, and published in strict conformity with the provisions of the Copyright Law of the United Suites.

15. At all relevant limes since its creation, Miroglio has been, and is now, the sole proprietor of all rights, title, and interest in the copyright except to the extent of its license of rights to Coast to Coast, as aforesaid.

16. Pursuant to such sole and exclusive rights Miroglio and Coast To Coast commenced to print and convert greige goods into printed textiles for apparel and other purposes bearing imprints of "55170" and has promoted and offered for sale and sold such materials to manufacturers and fabric distributors.

17. Upon information and belief, at some lime presently unknown after Miroglio first published its copyrighted design, defendants infringed Miroglio's copyright by causing to be manufactured, offering for sale, and selling, without Miroglio's and/or Coast To Coast's consent, apparel made with textiles imprinted with a work of art which is copied from Miroglio's copyrighted work of art.

18. Defendants' infringing design is clearly copied from Miroglio's design.

19. Defendants' design is substantially similar to the copyrighted design.

20. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs demand judgment:

a. That defendants, their officers, agents, servants, employees, attorneys and all parties in active concert or panicipalion with them be enjoined from infringing Miroglio's copyrighted design, including but not limited to, manufacturing, vending, printing, distributing, selling, displaying, promoting, or advertising fabric or garments or other products incorporating a design copied from the copyrighted design or by causing and/or participating in manufacturing, printing, vending, distributing, offering for sale, selling, displaying, promoting, or advertising by others pursuant to 17 U.S.C. §502.

b. That defendants be required to deliver up for destruction, all infringing copies of Miroglio's copyrighted design in their possession or under their control, whether in the form of fabric or apparel or other products incorporating the infringing design, to withdraw all advertising or promotional material bearing a copy of such copyrighted design, and print rollers, screens matrices, and the like utilized in the manufacture of infringing textiles pursuani to 17 U.S.C. § 503.

c. That defendants be required to pay plaintiffs such damages as they have sustained as a consequence of their infringement of Miroglio's copyrighted design, and to account for all gains, pro fits, and advantages derived by them from their infringements, including profits on all sales of fabrics and goods embodying any copy of the copyrighted design, pursuani to 17 U.S.C. § 504.

d. That defendants be required to pay to plaintiffs thecosis of this action pursuant to 17 U.S.C. § 505.

e. That plaintiffs have such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
     April 4, 2007

                       Respectfully submitted,

                       SILVERBERG STONEHILL
                       GOLDSMITH & HABER, P.C.
                       Attorneys for Plaintiffs

By: _____
       Kenneth R. Schachter (KS/8833)

                       111 West 40th Street
                       New York, New York 10016
                       (212) 730-1900