



Kenneth A. Schulman (KAS 0961)
Stacey M. Faraci (SMF 2773)
PRYOR CASHMAN LLP
410 Park Avenue, 10th Floor
New York, New York 10022
(212) 421-4100

*Attorneys for Defendants La Belle Fashions, Inc.
and J.C. Penney Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIROGLIO, S.P.A. and COAST TO COAST
FABRICS, INC.,

                            *Plaintiffs,*

          -against-

LA BELLE FASHIONS, INC. and J.C. PENNEY
COMPANY, INC.,

                            *Defendants.*

Index No. 07cv2882

## STIPULATED PROTECTIVE ORDER
## BETWEEN PLAINTIFFS AND DEFENDANTS

WHEREAS, Miroglio, S.P.A. ("Miroglio") and Coast To Coast Fabrics, Inc. ("Coast To

Coast," collectively the "Plaintiffs") and La Belle Fashions, Inc. ("La Belle") and J.C. Penney

Company, Inc. ("J.C. Penney," collectively the "Defendants") recognize that discovery in the

instant action may require the production or disclosure of trade secrets or other sensitive or

confidential scientific, commercial or financial information; and

WHEREAS, Plaintiffs and Defendants have, either directly or through counsel, stipulated to the entry of this protective order (the "Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1.      This Order shall apply to, (i) Miroglio, (ii) Coast To Coast, (iii) LaBelle, (iv) J.C. Penney and (iii) any non-party witness in this action.   As used herein, "person" includes Miroglio, Coast To Coast, LaBelle, J.C. Penney and any nonparty witness in this action; "parties" is limited to Miroglio, Coast To Coast, LaBelle and J.C. Penney.

2.      This Order shall be applicable to and govern any record of testimony given at any deposition in this action, as well as all documents, tangible things or other material and information, including but not limited to drawings, specifications and prototypes, produced, supplied or otherwise made available in any manner or media for inspection or review by any person or party in this action (collectively, the "discovery material").

3.      Any party (the "designating party") shall have the right to designate as "CONFIDENTIAL" any discovery material which it believes in good faith constitutes proprietary information, trade secret information, confidential business information, confidential scientific information, or other material which is not publicly known and which the designating party would normally cause third parties to maintain in confidence.  (Such discovery material shall be known hereinafter as "Confidential Material").

4.      It is the intention of this Order that the following categories of discovery material should not be designated as Confidential Material and that this Order should not be construed as governing or affecting a party's use or disclosure thereof: (a) any discovery material that at the

641661                                                    2

time of its disclosure to any other party to this action (the "receiving party") said other party can show is part of the public domain by reason of prior publication or otherwise; (b) any discovery material that after its disclosure in this case the receiving party can show has become part of the public domain by reason of prior publication or otherwise through no act, omission, or fault on its party; (c) any discovery material that at the time of its disclosure in this action the receiving party can show is rightfully in its possession or in the possession of any other person retained by or for it and under no obligations of confidence to any party or third party with respect to that discovery material; or (d) any discovery material that after its disclosure in this action the receiving party can show is rightfully received by the receiving party, under no obligations of confidence with respect to that discovery material from any third party having the right to make such disclosure.

5.    The designation as to Confidential Material comprising documents or other tangible things shall be made by the designating party by prominently stamping or otherwise affixing to the Confidential Material the legend "CONFIDENTIAL at the time of its disclosure to counsel of record for the receiving party. In the event that a stamp or like affixation is not possible with respect to any such Confidential Material, the designation may be made by a writing accompanying the Confidential Material, and identifying it with sufficient particularity.

6.    Deposition transcripts, in whole or in part, may be designated "Confidential Material" before the testimony is recorded, or within thirty (30) days after the transcript is provided to the designating party in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter, as the designating party may direct. The designating party shall have the right to have all persons who

641661                                    3

are not entitled to such "CONFIDENTIAL" material, except the deponent and court reporter, excluded from a deposition before the taking therein of testimony which the designating party designates as Confidential Material subject to this Order.

7.      Confidential Material designated "CONFIDENTIAL," or information taken therefrom, shall not be made public by the receiving party. If a party desires or is required to file designated Confidential Material with the Court in connection with this action, such Confidential Material shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the instant action and a statement that the sealed envelope or other container contains Confidential Material that is not to be displayed or revealed except (1) by written agreement of the parties or (2) by Order of this Court. The Clerk of this Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to the Court pursuant to this paragraph or any other provision of this Order.

8.      Confidential Material designated "CONFIDENTIAL" shall be disclosed only to the following persons:

        a.      One business representative of each party who has executed the declaration in either Exhibit A hereto pursuant to paragraph 10 herein;

        b.      The following in-house attorney for J.C. Penney and her office staffs:

                i.      Kayla Carter Owens, Senior Attorney, J.C. Penney Corporation, Inc.

        c.      This Court and its staff and to court reporters and their staff in the performance of their duties in connection with this action;

d.      Outside counsel of record for the receiving party or parties, their partners and associates and their office staffs; and

e.      Independent experts or consultants of the receiving party or parties who are not employees, consultants or representatives of any receiving party, who have been retained by counsel to provide technical advice and consultation in connection with the preparation and trial of this action, and who have executed the declaration in Exhibit A hereto pursuant to paragraph 10 herein.

9.      Each person entitled to receive Confidential Material under the terms of paragraphs 9(a) or 9(e) of this Order (hereinafter referred to as "Qualified Person") shall, prior to receiving any such Confidential Material, execute a written declaration as set forth in Exhibit A acknowledging that he or she has read a copy of this Order and agrees to be bound thereby, or, in the case of a deposition, the third party witness, counsel for the third party witness, if any, and the reporter have so acknowledged and agreed on the record of the deposition. The attorneys and parties also hereby represent and warrant that all Confidential Material provided to any Qualified Person under this Order, including any documents prepared by the Qualified Person based upon the Confidential Material disclosed to him or her, will be returned to the attorneys or destroyed and, at the conclusion of this litigation, the attorneys will provide an acknowledgment to each other that such actions have been taken.

10.     No person shall use any discovery material that is subject to this Order for any purpose other than for the preparation and trial of this action.

11.     Except with the prior written consent of the disclosing party, Confidential Material shall not be disclosed except in accordance with the terms, conditions, and restriction of

641661                                      5

this Order. If Confidential Material is disclosed to any person not entitled to receive disclosure of such material under this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the opposing party, and, without prejudice to other rights and remedies of any party, make a reasonable, good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such material. The parties hereto do not waive whatever rights they may have against any party or person responsible in whole or in part for any authorized disclosure hereunder, including the right to apply for immediate injunctive relief. The parties also do not waive their right to oppose any such application made by another party.

12.     The designation of any discovery material in accordance with this Order as Confidential Material constituting or containing trade secrets or other confidential, scientific or commercial information is intended solely to facilitate the preparation and trial of this action, and treatment of such discovery material by persons entitled to receive Confidential Material in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated Confidential Material constitutes or contains any trade secret or other confidential information.

13.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party whose material has been designated Confidential Material consents in writing to such disclosure, or if the Court, after notice to all affected parties, order such disclosure.

14.     If a party through inadvertence produces or provides discovery of any Confidential Material without first labeling, marking or designating it as "CONFIDENTIAL," then the producing party may, within ten (10) days after the discovery of the inadvertent

641661                                          6

production, give written notice to the receiving party or parties that the document, thing, transcript or other Confidential Material is "CONFIDENTIAL" and should be treated in accordance with the provisions of this Protective Order. The receiving party or parties must treat such document, things, transcript or other Confidential Material accordingly from the date such notice is received. Disclosure of such document, thing, transcript or other Confidential Material prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed was "CONFIDENTIAL" and must be treated in accordance with this Protective Order.

15.    No party shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. Upon a duly noticed motion by any party to the other parties and to the designating party, and for good cause shown, this Order may be modified or made inapplicable to specific discovery material.

16.    Nothing in this Order shall bar or otherwise restrict counsel for a party from rendering advice to such party(ies) with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Confidential Material, provided, however, that in rendering such advice and in otherwise communicating with such party(ies), such counsel shall not directly or indirectly disclose the content of any Confidential Material to anyone who is not authorized to receive such disclosure under the terms of this Order.

17.    The parties recognize that there may be produced Confidential Material originating with a non-party as to which there exists an obligation of confidentiality. Such

641661                                    7

material that a party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Material and shall be subject to the restriction on disclosures specified in this Order.

18.     Upon the final determination of this action, except as provided below and unless otherwise agreed to in writing by counsel for the disclosing party, each receiving party shall either (1) assemble and return to each disclosing party all Confidential Material received therefrom under this Order, including all copies thereof, with a certification that no copies remain with such party; or (2) destroy all Confidential Material received therefrom under this Order, including all copies thereof, with a certification that no copies remain with such party. Each party receiving such material pursuant to subsection (1) of this paragraph shall acknowledge receipt of such material in writing. Counsel for each party shall be entitled to retain one copy of all pleadings and motions (including exhibits) and discovery requests and responses.

19.     Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents, information or other discovery material.

SIGNED AND ENTERED this 14th day of February, 2008.

Debrah A. Butts
Hon. Debra C. Freeman
U.S. Magistrate Judge
U.S.D.J.

641661                                    8

AGREED TO AS TO FORM AND CONTENT:

Kenneth Schachter  (kS - 8833)
*Attorney for Plaintiffs*
*Miroglio, S.P.A. and Coast To Coast Fabrics, Inc.*

Kenneth Schulman    (KNS 0961)
*Attorney for Defendants*
*LaBelle Fashions, Inc. and J.C. Penney Company, Inc.*